UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN LEONOUR BLAKE,
     Plaintiff,

v.                         Case No.: 3:23cv11445/MCR/ZCB

DONALD LEAVINS, et al.,
     Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is an inmate of the Florida Department of Corrections.  He is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action.  Presently before the Court is Plaintiff's amended complaint.  (Doc. 6).  The Court has reviewed the amended complaint as required by 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  For the reasons below, dismissal is warranted because Plaintiff has failed to state a claim upon which relief can be granted.[1]

---

[1] The Court previously provided Plaintiff with an opportunity to file an amended complaint after identifying deficiencies in his original complaint.  (Doc. 5).  Because Plaintiff's amended complaint is also deficient, dismissal is appropriate.  *See generally Horn v. Est. of Camacho*, 817 F. App'x 872, 874 (11th Cir. 2020) (stating that the court should give a *pro se* plaintiff "at least one chance to amend before" the case is dismissed).

## I.    Summary of Plaintiff's Factual Allegations[2]

Plaintiff names five correctional officers as Defendants in this action: Lieutenant Timothy Butler, Sergeant Richburg, Sergeant Greene, Sergeant Madison, and Officer M. Bennett.  (Doc. 6 at 3, 5, 27).  He sues them all in their individual capacities.  (*Id.*).  Plaintiff alleges that on December 23, 2020, Defendant Butler approached his cell between 11:30 p.m. and midnight.  (*Id.* at 9).  Defendant Butler knocked on Plaintiff's cell door, waking Plaintiff from his sleep.  (*Id.*).  Plaintiff approached his cell door to talk with Defendant Butler.  (*Id.*).  Defendant Butler told Plaintiff that he was instructed by the Warden to place Plaintiff on a 72-hour property restriction.  (*Id.*).

Plaintiff was subsequently removed from his cell by Defendants Greene and Richburg.  (*Id.*).  Defendants Madison and Bennett removed Plaintiff's property from his cell.  (*Id.*).  As Plaintiff was escorted back to his cell, he "refused to give up the hand restraints" when ordered to do so.  (*Id.* at 9, 11).  That led Defendant Butler to prepare Plaintiff "for a use of force."  (*Id.*).  Defendant Richburg then sprayed Plaintiff "with one

---

[2] At this point in the proceeding, the Court assumes the allegations are true.  *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1229 (11th Cir. 2022).

three round burst of chemical agents . . . ." (*Id.* at 11). Plaintiff was in his boxers and hand restraints when this occurred. (*Id.*).

Once sprayed, Plaintiff's "body was instantly engulfed with a severe burning sensation affecting his skin, eyes, throat, and senses." (*Id.*). After being sprayed, Plaintiff was removed from his cell "in order to decontaminate." (*Id.*). Plaintiff was then escorted to medical for a post use of force examination. (*Id.* at 18). After the examination, Plaintiff was taken back to his cell and placed on a 72-hour property restriction. (*Id.*). Plaintiff claims he was left on property restriction in excess of 72 hours because officers in his dorm misplaced his property. (*Id.* at 27).

Plaintiff submitted a grievance regarding the use of force on December 27, 2020. (*Id.* at 28). On December 28, 2020, Plaintiff claims he was served two "falsified" disciplinary reports written by Defendants Madison and Butler for misuse of state property and disobeying verbal orders. (*Id.*). The reports state that Plaintiff was ordered "to uncover his light, submit to an unclothed search and exit the cell for a cell search, and that he refused all orders which led to an organized use of force." (*Id.*). Plaintiff claims he was denied the right to participate in his January 12, 2021 disciplinary hearing. (*Id.*). Plaintiff was eventually

found guilty and received 30 days "disciplinary" and 30 days of "privilege suspension." (*Id.*).

Plaintiff brings claims against all five Defendants for "excessive use of force, failure to intervene, and deliberate indifference in violation of [his] 8th Amendment rights." (*Id.* at 13). He also brings Fourteenth Amendment due process claims against Defendants Butler and Madison. (*Id.* at 13, 28). Plaintiff seeks $250,000 in compensatory damages and $125,000 in punitive damages. (*Id.* at 13).

## II.    Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between

possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

## III.  Discussion

### A. Plaintiff fails to state an excessive force claim.

Plaintiff brings excessive force claims against all five Defendants. (Doc. 6 at 13). The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010) (cleaned up). The "core judicial inquiry" for an Eighth Amendment excessive force claim in a prison setting is "whether force

was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (cleaned up).  In determining whether force was applied maliciously or sadistically, a court considers several factors, including (1) the need to apply force, (2) the relationship between that need and the amount of force applied, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of the forceful response. *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002).  Where prison officials maliciously and sadistically apply force to cause harm, contemporary standards of decency are violated, even in the absence of significant injury. *Wilkins*, 559 U.S. at 37.  And once the need to use force ceases, continued application of force may constitute an Eighth Amendment violation. *Danley v. Allen*, 540 F.3d 1298, 1306 (11th Cir. 2008), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

Plaintiff has failed to plausibly allege an excessive force claim against any Defendant.  First, Plaintiff has failed to allege that Defendants Greene and Madison used any force against Plaintiff.  It is well settled that to state a claim for excessive force, a plaintiff must allege

6

that the defendant actually used force against him. *See Lloyd v. Van Tassell*, 318 F. App'x 755, 761 (11th Cir. 2009) (recognizing that a defendant must be "personally involved in the alleged use of excessive force" against plaintiff to be liable for excessive force); *see also Demosthene v. City of New York*, 831 F. App'x 530, 535 (2d Cir. 2020) ("It is axiomatic that claims under § 1983 for use of excessive force . . . require personal involvement."). Plaintiff's excessive force claims against Defendants Greene and Madison, therefore, must be dismissed because Plaintiff fails to allege they used any force against him.

Second, Plaintiff has failed to plausibly state an excessive force claim against Defendant Butler. Plaintiff merely alleges, without elaboration, that Defendant Butler "prepar[ed]" Plaintiff for a use of force. (*Id.* at 9, 11). This sole factual allegation falls short of plausibly stating a claim for excessive force against Defendant Butler. Plaintiff does not describe how Defendant Butler "prepared" him for a use of force by Defendant Richburg or that the force used by Defendant Butler (if any) was excessive. Plaintiff's excessive force claim against Defendant Butler, therefore, must be dismissed. *See Dirden v. Schiller*, No. 3:15cv192, 2016 WL 5172263, at **4-5 (N.D. Fla. Aug. 22, 2016) (dismissing a *pro se*

prisoner's claims when his complaint did not plead facts that alleged each of the required elements of a claim).

Third, Plaintiff has failed to state a plausible claim for excessive force against Defendant Richburg.  Plaintiff alleges that Defendant Richburg sprayed him "with one three round burst" of pepper spray. (Doc. 6 at 11).  By Plaintiff's own admissions in his amended complaint before the pepper spray was used Plaintiff had refused to comply with instructions given to him by correctional officers.    (*Id.* at 9, 11). Therefore, it was reasonable for Defendant Richburg to use force to gain Plaintiff's compliance.  *See Sconiers v. Lockhart*, 946 F.3d 1256, 1264 (11th Cir. 2020) (stating that "correctional officers in a prison setting can use pepper-spray or a takedown to subdue an inmate as long as a valid penological reason supports the use of such force").    And the amount of force allegedly used by Defendant Richburg to gain Plaintiff's compliance was not disproportionate under the circumstances. *See Danley*, 540 F.3d at 1308 (stating that a "short burst of pepper spray is not disproportionate to the need to control an inmate who has failed to obey a jailer's orders"); *see also Sanchez v. McCray*, 349 F. App'x 479, 483 (11th Cir. 2009) (finding that correctional officer "did not use excessive force by

8

deploying pepper spray in order to gain control of [the plaintiff] and force him to comply" with instructions).

There is no allegation in this case that Defendant Richburg repeatedly sprayed Plaintiff with pepper spray or continued to use force after Plaintiff became compliant. There is also no allegation that Defendant Richburg failed to timely decontaminate Plaintiff or denied him a post use of force medical examination. Thus, Plaintiff's allegations (accepted as true) fail to plausibly claim that Defendant Richburg "applied force maliciously and sadistically for the purpose of causing harm," *Moore v. Hunter,* 847 F. App'x 694, 698 (11th Cir. 2021), by administering pepper spray to gain Plaintiff's compliance with an instruction. *See Adside v. Stokes*, No. 3:20cv5571, 2021 WL 2211347, at *4 (N.D. Fla. Apr. 27, 2021) *adopted by* 2021 WL 2209314 (dismissing excessive force claim where defendants used pepper spray after plaintiff refused "to comply with the officers' efforts to place him on property restriction").

Moreover, Plaintiff's injuries reflect that a minimal amount of force was used—as he suffered only temporary discomfort from a single administration of pepper spray. *See Burke v. Bowns*, 653 F. App'x 683,

696 (11th Cir. 2016) (finding no excessive force where correctional officer used two bursts of pepper spray, which was characterized by the court as a "minimal amount of force," in response to inmate's failure to comply). Finally, according to Plaintiff's allegations, after the pepper spray was applied he was removed from his cell, decontaminated, and taken to medical for evaluation. This demonstrates Defendant Richburg was not acting maliciously or sadistically, but rather acting in good faith to restore order and gain compliance. *See Moore*, 847 F. App'x at 698 (finding no excessive force where plaintiff was pepper sprayed in an effort to stop self-harm, and plaintiff was immediately provided decontamination and evaluated by medical staff).

For the reasons above, Plaintiff has failed to plausibly allege that Defendant Richburg's conduct was malicious and sadistic as required to state an Eighth Amendment excessive force claim.

**B. Plaintiff fails to plausibly state a claim for failure to intervene against any Defendant.**

Plaintiff has also brought a failure to intervene claim against all Defendants. "[A]n officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force[] can be held liable for his nonfeasance." *Velazquez v. City*

10

*of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (internal quotation marks omitted).  Thus, to state a failure to intervene claim, a plaintiff must plausibly allege the use of excessive force by another officer. *Crenshaw v. Lister*, 556 F.3d 1283, 1294 (11th Cir. 2009).  If there was no use of excessive force, then there was no obligation to intervene.  *Id.*  As discussed above, Plaintiff has failed to plausibly allege an excessive force claim.  Because there was no underlying use of excessive force, there was no obligation for any Defendant to intervene.  Thus, Plaintiff has failed to state a plausible failure to intervene claim against Defendants.

### C. Plaintiff has failed to state a deliberate indifference claim against any Defendant.

The Supreme Court has held that the Eighth Amendment prohibits "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  To prove a § 1983 deliberate indifference claim, a plaintiff must show (1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury.  *See, e.g.*, *Roy v. Ivy*, 53 F.4th 1338, 1347 (11th Cir. 2022).

Plaintiff has failed to plausibly allege deliberate indifference for several reasons.  First, his claims are conclusory and vague.  Plaintiff

makes only the conclusory allegation that all five Defendants were
"deliberately indifferent" in violation of the Eighth Amendment. (Doc. 6
at 13). He provides insufficient factual allegations in support of his claim.
Second, Plaintiff has not identified a serious medical need. While the
Eleventh Circuit has recognized that exposure to pepper spray without
adequate decontamination may constitute a serious medical need,
Plaintiff does not allege an unreasonable delay between the time he was
pepper sprayed and his decontamination. *See Danley v. Allen*, 540 F.3d
1298, 1310-11 (11th Cir. 2008). Third, even if Plaintiff had alleged a
sufficiently serious medical need, he has alleged no facts that would
support an inference that Defendants acted with deliberate indifference
to that need. Shortly after being pepper sprayed, Plaintiff was
decontaminated and escorted to medical for evaluation. *See Barcelona v.
Rodriguez*, 847 F. App'x 739, 742 (11th Cir. 2021) (affirming dismissal of
plaintiff's deliberate indifference claim when plaintiff alleged defendants
sprayed him with pepper spray but failed to allege defendants acted with
deliberate indifference). Plaintiff's allegations fail to plausibly state a
claim for deliberate indifference against any Defendant.

**D. Plaintiff has failed to state a due process claim against Defendants Butler and Madison.**

The Court now turns to Plaintiff's Fourteenth Amendment due process claims against Defendants Butler and Madison. The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. A § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011).

In *Sandin v. Conner*, the Supreme Court identified two situations where a prisoner—already deprived of liberty in the traditional sense—can be further deprived of liberty such that procedural due process protections attach. 515 U.S. 472, 483-84 (1995). "For an inmate to state a claim that prison officials have deprived him of a liberty interest in violation of due process, he must establish either that the deprivation of a benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life or that a change in his conditions of confinement is so severe that it essentially exceeds the

13

sentence imposed by the court." *Fuller v. Gates*, 656 F. App'x 944, 946 (11th Cir. 2016) (cleaned up). Unless Plaintiff has been deprived of a liberty interest, then no due process protection is triggered. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (noting generally that prison transfers and changes in classification status do not require due process protections).[3]

Plaintiff claims Defendants Butler and Madison violated his due process rights by submitting false disciplinary reports, which led to his disciplinary hearing (that he was prohibited from attending), and 30 days of "disciplinary" and "privilege suspension."[4] Plaintiff's due process claim

---

[3] Although a prisoner may have due process rights at a disciplinary hearing, the prisoner must first prove that he was deprived of a liberty interest. *Wolff v. McDonnell*, 418 U.S. 539, 560-65 (1974).

[4] False disciplinary charges do not, on their own, amount to a constitutional violation. *See, e.g.*, *Rodgers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (affirming the district court's dismissal of plaintiff's due process claim in which plaintiff alleged defendant filed a false disciplinary charge); *Craig v. McLaurin*, No. 4:21cv255, 2022 WL 3438795, at *1 (N.D. Ala. Aug. 16, 2022) ("[T]here is no prohibition under § 1983 against false accusation, nor a right to a truthful disciplinary report[.]"). And Plaintiff's absence from the disciplinary hearing also does not amount to a constitutional violation on its own. *See Oliver v. Adams*, No. 5:13cv209, 2015 WL 4603703, at *8 (N.D. Fla. July 30, 2015) (dismissing plaintiff's due process claim against defendants for not letting him attend his disciplinary hearing because plaintiff failed to allege a deprivation of a liberty interest).

14

fails because he has not sufficiently alleged he was deprived of a recognized liberty interest.   Plaintiff's 30-day "disciplinary" and "privilege suspension" are not atypical or significant hardships compared to ordinary detention in the general population.  *See, e.g.*, *Rodgers*, 142 F.3d at 1253 (dismissing prisoner's due process claim arising from prison official's allegedly "false" disciplinary report; prisoner's allegation that he spent over two months in administrative confinement as a result of the charge failed to show that prisoner was deprived of a constitutionally protected liberty interest); *Gonzalez v. Jones*, No. 4:14cv518, 2017 WL 834984, at *7 (N.D. Fla. Jan. 30, 2017), *adopted by* 2017 WL 831095, at *1 (Mar. 2, 2017) ("Petitioner has failed to demonstrate that 60 days of disciplinary confinement was 'atypical' or significantly restrictive compared to the conditions experienced in the general population."); *Robinson v. Gielow*, No. 3:14cv223, 2015 WL 1485020, at *3 (N.D. Fla. Mar. 31, 2015) ("Plaintiff's placement in confinement and loss of privileges for a period of [60] days did not impose an atypical and significant hardship on him in relation to the ordinary incidents of his prison life."); *Perez v. Humphries*, No. 1:11cv180, 2011 WL 6960817, at *3 (N.D. Fla. Dec. 6, 2011), *adopted by* 2012 WL 32566, at *1 (Jan. 6,

2012) ("Plaintiff's placement in disciplinary confinement for 60 days is not sufficient to trigger constitutional due process protections."). Because Plaintiff was not deprived of a liberty interest, there is no need to address whether he received adequate process related to his disciplinary hearing on Defendants' reports. Plaintiff's procedural due process claim should be dismissed for failure to state a claim.

## IV.    Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that (1) Plaintiff's amended complaint be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1), and (2) the Clerk of Court be directed to close this case.

At Pensacola, Florida this 1st day of November 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation

16

waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.